**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DILLON DON SOLOMON,

      Petitioner,

    v.                                No. CV 14-507 RB/CG

RAY TERRY,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Dillon Solomon's *Petition for Writ of Habeas Corpus and Release from Detention* ("Petition"), filed on May 27, 2014, (Doc. 1); and Adrian Macias, Eric Holder Jr., John Johnson, and Ray Terry's *Motion to Dismiss Petitioner's Writ of Habeas Corpus and Request for Release from Detention* ("Motion to Dismiss"), filed on September 29, 2014. (Doc. 11). Petitioner did not file a response to the Motion to Dismiss, and the time for doing so has passed.

Petitioner alleges that he is being detained unlawfully and without bond pending the determination of his asylum appeal to the Bureau of Immigration Affairs, and seeks relief under 28 U.S.C. § 2241. United States District Judge Robert Brack referred the claims raised by Petitioner in this case to the undersigned to make proposed findings and a recommended disposition, and hold a hearing, if necessary. (Doc. 2). The Court subsequently substituted Ray Terry, Warden of the Otero County Processing Center and custodian of Petitioner, as the sole Respondent in this proceeding and ordered him to answer.[1] Respondent contends that the Petition should be dismissed for lack of

---

[1] The Court reviews the Motion to Dismiss as if the named Respondent filed the Motion on his own behalf only.

jurisdiction because Petitioner seeks review of an order that is not subject to judicial review by this Court.

Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Respondent's Motion to Dismiss be granted, the Petition be denied, and that this case be dismissed without prejudice.

## I.     Background

Petitioner is a native and citizen of Jamaica and is being held in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. (Doc. 1). Petitioner first lawfully entered the United States on November 14, 2003 as a visitor. (Ex. 1; Ex. 2).[2] Petitioner attempted to adjust his status to that of a lawful permanent resident in 2007, (Ex. 1); his request was denied by U.S. Citizenship and Immigration Services because he had been arrested and convicted of marriage fraud in violation of section 1325(c) of the Immigration and Nationality Act ("Act"). (Ex. 2 at 2; Ex. 3).

The Department of Homeland Security ("DHS") subsequently notified Petitioner that he was being charged with removability from the United States under the Act. (Ex. 5). Removal proceedings commenced, and a bond hearing was held on June 20, 2012. (Ex. 2). The Immigration Judge denied bond on the basis that Petitioner was an "extreme flight risk." *Id.* at 3. Petitioner appealed the Immigration Judge's decision denying bail to

---

[2] Citations to exhibits in the record are to those that were filed with Respondent's Motion to Dismiss, and are hereafter identified by the short form "Ex."

the Board of Immigration Appeals ("Board"); the Board affirmed the decision and dismissed the appeal. (Ex. 6).

Petitioner then applied for U.S. citizenship through an alleged U.S. citizen father. (Ex. 9). On October 4, 2014, he also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking the District Court to lift the detainer lodged against him, order his release from ICE custody on bond, and grant his application for U.S. citizenship. *Solomon v. Holder*, No. 12-cv-1039-JB-LAM, Dkt. No. 1. That Court dismissed the habeas petition without prejudice because it lacked jurisdiction over Petitioner's claim for U.S. citizenship and challenge to the immigration judge's denial of bond, and because there was no final order of removal in Petitioner's case. *Id.* at Dkt. No. 9 at 4–6; *see also Solomon v. Holder*, No. 12-cv-1039-JB-LAM, 2013 WL 499300 (D.N.M. Jan. 31, 2013) (unpublished).

On June 10, 2013, Petitioner applied for asylum and protection under the Act and the Convention Against Torture based on his classification as a homosexual from Jamaica. (Ex. 11 at 6). On August 27, 2013, the Immigration Judge determined that Petitioner was: (i) ineligible for derivative citizenship because he failed to present any credible evidence he was the son of a U.S. citizen; (ii) removable under 8 U.S.C. § 237(a)(1)(B) because he overstayed his original visa; (iii) ineligible for cancellation of removal due to his conviction for marriage fraud; and (iv) ineligible for asylum because he failed to meet the application deadlines. (Ex. 10 at 2).

Petitioner appealed the Immigration Judge's decision, and the Board found that the Immigration Judge erred by failing to make an appropriate credibility finding

concerning Petitioner's claims that he is entitled to withholding of removal under the Act and the Convention Against Torture. (Ex. 10).

On remand, the Immigration Judge found Petitioner to be not credible as to his claim that he is a homosexual, and denied his remaining applications for withholding of removal. (Ex. 11). On May 6, 2014, Petitioner appealed the Immigration Judge's decision with the Board, where it is presumably still pending.[3]  (Ex. 14).

On April 15, 2014, Petitioner also filed a *Motion to Request Bond Hearing Due to Prolonged Detention* with the immigration court. (Ex. 12). The request was denied on the basis that there was insufficient new evidence to warrant reconsideration of the previous determination to deny him release on bond. (Ex. 13).

Petitioner asks that this Court: (i) hold an in-person bond hearing; (ii) find that he is eligible for release from ICE custody on bond pending his appeal to the Board; and (iii) order his release on bond. (Doc. 1 at 5–6). Respondent moves to dismiss the Petition on the bases that the Court lacks jurisdiction to review the Immigration Judge's determination denying bond, and Petitioner has made no procedural or constitutional challenge to that decision.

## II.    Analysis

All of Petitioner's claims fundamentally ask the Court to review the Immigration Judge's decision to deny him release from ICE custody on bond. In support, Petitioner contends that he is entitled to relief because his detention has become prolonged, it is

---

[3]  No further updates regarding the status of Petitioner's citizenship application and appeal have been provided to the Court.

the Government's burden to demonstrate that his continued detention is necessary, and he has exhausted all of his administrative remedies. (Doc. 1 at 4, 5). Respondent contends that review of the Immigration Judge's decision is outside of the jurisdiction of this Court, and urges dismissal for the same reasons identified by U.S. Magistrate Judge Lourdes Martinez in the *Proposed Findings and Recommended Disposition* recommending dismissal of Petitioner's prior application for section 2241 habeas relief.[4]

Petitioner has been in DHS custody throughout the pendency of his removal proceedings, and is therefore eligible for release on bond under section 1226 of the Act. Pursuant to section 1226, the Attorney General has the authority to arrest and detain "an alien . . . pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Courts may not "set aside any action or decision by the Attorney General . . . regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole." 8 U.S.C. §1226(e).

Immigration judges are appointed by the Attorney General to "act as the Attorney General's delegates in the cases that come before them." 8 C.F.R. § 1003.10(a). Therefore, the Attorney General, and in turn an immigration judge, may release the detained individual on bond or conditional parole pursuant to the Act, but his discretionary judgment is not subject to review. 8 U.S.C. § 1226(a), (e). The Act also specifically prohibits judicial review of the Attorney General or immigration judge's decision through a habeas corpus action brought pursuant to section 2241. *See* 8 U.S.C. § 1252(a)(5); *Mwangi v. Terry*, No. 11-2091, 465 Fed. Appx. 784, 787 (10th Cir. Mar. 7,

---

[4] Judge Martinez's report and recommendation was ultimately adopted in its entirety by U.S. District Judge James O. Browning. *See Solomon*, 2013 WL 499300.

2012) (unpublished) ("Congress has specifically eliminated . . . a habeas petition pursuant to § 2241. . . as a way of challenging the Attorney General's discretionary decision."). Therefore, this Court may not exercise jurisdiction over the Immigration Judge's denial of Petitioner's request to be released on bond.

The Court notes that district courts may consider constitutional challenges to a practice or procedure permitting detention without bail. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that a detainee may bring a constitutional challenge to legislation authorizing his detention without bail through a section 2241 habeas action). In this case, Petitioner asks the Court to declare him eligible for release on bond because the DHS's interpretation of the Act is arbitrary and capricious. (Doc. 1 at 5). However, Petitioner does not challenge any specific DHS practice or procedure, or raise any set of facts, which he alleges has resulted in his unlawful detention without bond. Petitioner's conclusory statement that the DHS's interpretation of the Act is unlawful is not enough to raise a cognizable issue for habeas review under section 2241. While Petitioner proceeds pro se in this matter and the Court must liberally construe his pleadings, it may not act as Petitioner's advocate or formulate legal arguments on his behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Therefore, the Court has no jurisdiction to review the Immigration Judge's denial of Petitioner's request to be released from ICE custody on bond. It also finds that Petitioner has not raised a cognizable habeas claim challenging a policy or practice by DHS resulting in his continued detention without bond.

6

### III.   Conclusion

For the reasons stated above, the Court does not have jurisdiction over this

matter. Additionally, Petitioner has failed to assert a cognizable claim for habeas relief.

Therefore, the Court recommends that Dillon Solomon's *Petition for Writ of Habeas*

*Corpus and Release from Detention* be **DISMISSED WITHOUT PREJUDICE** and

Respondent's Motion to Dismiss be **GRANTED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF
SERVICE** of a copy of these Proposed Findings and Recommended Disposition they
may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §
636(b)(1).   **A party must file any objections with the Clerk of the District Court
within the fourteen-day period if that party wants to have appellate review of the
proposed findings and recommended disposition.   If no objections are filed, no
appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE