## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DILLON DON SOLOMON,

      Petitioner,

      v.                           No. CV 14-507 RB/CG

RAY TERRY,

      Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on December 3, 2014. (Doc. 16). In the PFRD, the Magistrate Judge concluded that Petitioner Dillon Solomon failed to raise a cognizable issue for habeas review under 28 U.S.C. § 2241, and therefore the Court lacked jurisdiction over this matter. The Magistrate Judge recommended that Adrian Macias, Eric Holder Jr., John Johnson, and Ray Terry's *Motion to Dismiss Petitioner's Writ of Habeas Corpus and Request for Release from Detention*[1] ("Motion to Dismiss"), filed on September 29, 2014, (Doc. 11), be granted, and that Dillon Soloman's *Petition for Writ of Habeas Corpus and Release from Detention*, ("Petition"), filed on May 27, 2014, (Doc. 1), be dismissed without prejudice.

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 16 at 7). Respondent timely filed the *Government's Objection to Proposed Findings and Recommended Disposition*, ("Objections"), on December 8, 2014, (Doc. 17); Petitioner did not file any objections, and the deadline of December 22, 2014 has

---

[1] The Court substituted Ray Terry, Warden of the Otero County Processing Center and custodian of Petitioner, as the sole Respondent in this proceeding and ordered him to answer. (Doc. 6). Thus the Court reviews the Motion to Dismiss as if the named Respondent filed the Motion only on his own behalf.

passed. Petitioner did not respond to Petitioner's Objections. After a de novo review of the record and the PFRD, this Court adopts Judge Garza's *Proposed Findings and Recommended Disposition* in its entirety.

## I.    Background

Petitioner alleges that he is being detained unlawfully and without bond pending the determination of his asylum appeal to the Board of Immigration Appeals ("Board"), and seeks relief under 28 U.S.C. § 2241. Petitioner asks that this Court: (i) hold an in-person bond hearing; (ii) find that he is eligible for release from ICE custody on bond pending his appeal to the Board; and (iii) order his release on bond. (Doc. 1 at 5–6). Respondent moves to dismiss the Petition primarily on the basis that Petitioner seeks review of an order that is not subject to judicial review by this Court.

The procedural history of this case is as follows. Petitioner is a native and citizen of Jamaica and is being held in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. (Doc. 1). Petitioner first lawfully entered the United States on November 14, 2003 as a visitor. (Ex. 1; Ex. 2).[2] Petitioner attempted to adjust his status to that of a lawful permanent resident in 2007, (Ex. 1); his request was denied by U.S. Citizenship and Immigration Services because he had been arrested and convicted of marriage fraud in violation of section 1325(c) of the Immigration and Nationality Act ("Act"). (Ex. 2 at 2; Ex. 3).

The Department of Homeland Security ("DHS") subsequently notified Petitioner that he was being charged with removability from the United States under the Act. (Ex.

---

[2] Citations to exhibits in the record are to those that were filed with Respondent's Motion to Dismiss, and are hereafter identified by the short form "Ex."

5). Removal proceedings commenced, and a bond hearing was held on June 20, 2012.

(Ex. 2). The Immigration Judge denied bond on the basis that Petitioner was an "extreme

flight risk." (*Id.* at 3). Petitioner appealed the Immigration Judge's decision denying bail to

the Board; the Board affirmed the decision and dismissed the appeal. (Ex. 6).

Petitioner then applied for U.S. citizenship through an alleged U.S. citizen father.

(Ex. 9). On October 4, 2014, he also filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241, asking the district court to lift the detainer lodged against him, order

his release from ICE custody on bond, and grant his application for U.S. citizenship. *See*

*Solomon v. Holder*, No. 12-cv-1039-JB-LAM, Dkt. No. 1. The district court dismissed the

habeas petition without prejudice because it lacked jurisdiction over Petitioner's claim for

U.S. citizenship, as no final order of removal had been entered for review by a court of

appeals. *Id.* at Dkt. No. 9 at 4; *see also Solomon v. Holder*, No. 12-cv-1039-JB-LAM,

2013 WL 499300 (D.N.M. Jan. 31, 2013) (unpublished). The district court also found that

it lacked jurisdiction over Petitioner's challenge to the immigration judge's denial of bond.

*Id.* at Dkt. No. 9 at 4–6.

On June 10, 2013, Petitioner applied for asylum and protection under the Act and

the Convention Against Torture based on his classification as a homosexual from

Jamaica. (Ex. 11 at 6). On August 27, 2013, the Immigration Judge determined that

Petitioner was: (i) ineligible for derivative citizenship because he failed to present any

credible evidence he was the son of a U.S. citizen; (ii) removable under 8 U.S.C. §

237(a)(1)(B) because he overstayed his original visa; (iii) ineligible for cancellation of

removal due to his conviction for marriage fraud; and (iv) ineligible for asylum because

3

he failed to meet the application deadlines. (Ex. 10 at 2).

Petitioner appealed the Immigration Judge's decision, and the Board found that the Immigration Judge erred by failing to make an appropriate credibility finding concerning Petitioner's claims that he is entitled to withholding of removal under the Act and the Convention Against Torture. (Ex. 10). On remand, the Immigration Judge found Petitioner to be not credible as to his claim that he is a homosexual, and denied his remaining applications for withholding of removal. (Ex. 11). Petitioner appealed the Immigration Judge's decision with the Board, (Ex. 14), and on October 8, 2014, the Board affirmed the Immigration Judge's findings and dismissed the appeal. (Doc. 15-1).

On April 15, 2014, Petitioner also filed a *Motion to Request Bond Hearing Due to Prolonged Detention* with the immigration court. (Ex. 12). The request was denied on the basis that there was insufficient new evidence to warrant reconsideration of the previous determination to deny him release on bond. (Ex. 13). Then on May 27, Petitioner filed the subject action with this Court, challenging the Immigration Judge's denial of bail. (Doc. 1).

The Magistrate Judge observed that all of Petitioner's claims fundamentally ask this Court to review the Immigration Judge's decision to deny him release from ICE custody on bond pending a final order of removal. (Doc. 16 at 4). In support, Petitioner contends that he is entitled to relief because his detention has become prolonged, it is the Government's burden to demonstrate that his continued detention is necessary, and he has exhausted all of his administrative remedies. (Doc. 1 at 4, 5). Respondent contends that review of the Immigration Judge's decision is outside of the jurisdiction of

this Court, and urges dismissal for the same reasons identified by U.S. Magistrate Judge Lourdes Martinez in the *Proposed Findings and Recommended Disposition* recommending dismissal of Petitioner's prior application for § 2241 habeas relief.[3] Respondent further argues that the Petition should be dismissed with prejudice because Petitioner's appeal has been dismissed by the Board, and it is no longer possible that the Board direct the Immigration Judge to make different findings regarding the Petitioner's torture claim. (Doc. 15).

The Magistrate Judge pointed out that, pursuant to section 1226, the Attorney General has the authority to arrest and detain "an alien . . . pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Thus, Petitioner has been eligible for release on bond from DHS custody under section 1226 of the Act throughout the pendency of his removal proceedings. Immigration judges are appointed by the Attorney General to "act as the Attorney General's delegates in the cases that come before them." 8 C.F.R. § 1003.10(a). Therefore, the Attorney General, and in turn an immigration judge, may release the detained individual on bond or conditional parole pursuant to the Act, but his discretionary judgment is not subject to review. 8 U.S.C. § 1226(a), (e).

The Act specifically prohibits judicial review of the Attorney General or immigration judge's decision through a habeas corpus action brought pursuant to section 2241, and prevents the Courts from "set[ting] aside any action or decision by the Attorney General . . . regarding the detention or release of any alien, or the grant,

---

[3] Judge Martinez's report and recommendation was ultimately adopted in its entirety by U.S. District Judge James O. Browning. *See Solomon*, 2013 WL 499300.

revocation, or denial of bond or parole." *See* 8 U.S.C. §§ 1226(e), 1252(a)(5); *Mwangi v. Terry*, No. 11-2091, 465 Fed. Appx. 784, 787 (10th Cir. Mar. 7, 2012) (unpublished) ("Congress has specifically eliminated . . . a habeas petition pursuant to § 2241. . . as a way of challenging the Attorney General's discretionary decision."). Thus, as the Magistrate Judge explained in the PFRD, this Court may not exercise jurisdiction over the Immigration Judge's denial of Petitioner's request to be released on bond. *See Mwangi*, 465 Fed. Appx. at 787.

The Magistrate Judge also noted that district courts may consider constitutional challenges to a practice or procedure permitting detention without bail. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that a detainee may bring a constitutional challenge to legislation authorizing his detention without bail through a section 2241 habeas action). However, in this case, Petitioner asks the Court to declare him eligible for release on bond because the DHS's interpretation of the Act is arbitrary and capricious, while failing to challenge any specific DHS practice or procedure, or raise any set of facts, that has resulted in his unlawful detention without bond. (Doc. 1 at 5). The Magistrate Judge concluded that Petitioner's conclusory statement that the DHS's interpretation of the Act was unlawful does not raise a cognizable issue for habeas review under section 2241.

## II.   Objections

Respondent objects to the Magistrate Judge's PFRD on the sole basis that, because "Petitioner has now exhausted all of his appealable issues and is awaiting removal," the Petition should be dismissed with prejudice. (Doc. 17). After a magistrate

judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

Dismissal of a claim without prejudice is appropriate if the Court has determined that it lacks jurisdiction over such a claim, because that Court "is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006); *Pinson v. Berkebile*, No. 12-1112, 486 Fed. Appx. 745, 747 (10th Cir. Aug. 30, 2012) ("Because 'standing is a jurisdictional mandate,' the district court's order dismissing the claim with prejudice was 'inappropriate,' and must 'be corrected to a dismissal without prejudice.'"). Respondent fails to explain why the decision by the Board denying Petitioner relief under the Convention Against Torture conveys jurisdiction on this Court over the claims in the Petition. The Court cannot find that the Board's entry of a final order on the torture claim bestows it with judicial review of the Immigration Judge's decision denying Petitioner bond, which is the sole issue raised in the Petition.

Respondent offers no legal authority to demonstrate that the Court must decide otherwise, and thus does not direct this Court's attention to a factual or legal issue truly

7

in dispute. *See One Parcel of Real Prop.*, 73 F.3d at 1060. This Court finds that Judge Garza correctly concluded that all of Petitioner's claims should be dismissed without prejudice, and Respondent's objection is therefore overruled.

## III.    Conclusion

**IT IS HEREBY ORDERED** that, for all of the foregoing, Judge Garza's *Proposed Findings and Recommended Disposition*, (Doc. 16), be **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondents' *Motion to Dismiss Petitioner's Writ of Habeas Corpus and Request for Release from Detention*, (Doc. 11), be **GRANTED**, and Dillon Soloman's *Petition for Writ of Habeas Corpus and Release from Detention*, (Doc. 1), be **DISMISSED WITHOUT PREJUDICE** and all requested relief be **DENIED**.

**IT IS ALSO ORDERED** that a certificate of appealability be **DENIED**.

_____
THE HONORABLE ROBERT BRACK
UNITED STATES DISTRICT JUDGE